# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD ANTHONY TORRES, *aka Eddie Torres; aka Edward Duarte; aka Anthony Pac*<br><br>Defendant. | CR 18-04-GF-BMM<br><br>**ORDER** |

Defendant Edward Anthony Torres ("Torres") has moved to dismiss the Indictment for lack of subject matter jurisdiction under Federal Rule of Criminal Procedure 12(b)(2). Torres contends that the alleged victim in this case should not be considered an Indian under federal law and 18 U.S.C. § 1152. The Government opposes the motion. The Court conducted a hearing on the motion on February 27, 2018. (Doc. 39.)

The Indictment charges Torres with Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 1152 and 113(a)(6). The Indictment alleges that:

> "On or about December 6, 2017, . . . within the exterior boundaries of the Blackfeet Indian Reservation, being Indian Country, the defendant, EDWARD ANTHONY TORRES, . . . intentionally assaulted F.P., an Indian person, said assault resulting in serious bodily injury . . ."

Section 1152 provides that federal criminal laws extend to Indian country. 18 U.S.C. § 1152. This rule has both a statutory and judicial exception. The statute provides the exception that this section "shall not extend to offense committed by one Indian against the person or property of another Indian." This exception results in § 1152 not applying when both the alleged defendant and alleged victim of the crime are Indians. The Supreme Court created the judicial exception to § 1152. The Court determined that federal courts do not possess the jurisdiction to punish crimes that occur within the boundaries of an Indian Reservation, by a Non-Indian defendant and a Non-Indian victim. *See United States v. McBratney*, 104 U.S. 621 (1881). The Indictment alleges that Torres, a Non-Indian, assaulted F.P, an Indian, on the Blackfeet Indian Reservation. These allegations clearly fall within the purview contemplated by § 1152.

Torres challenges this Court's subject matter jurisdiction to hear this matter under Rule 12(b)(2). Torres argues that the government has not provided sufficient evidence to prove that the alleged victim should be considered an Indian. *United States v. Bruce*, 394 F.3d 1215, 1223 (9th Cir. 2005) establishes the test for whether a person should be considered an Indian. The test for Indian status considers: (1) the degree of Indian blood; and (2) tribal or government recognition as an Indian. *Id.* at 1223. Torres provides extensive analysis in his motion to

dismiss arguing that the alleged victim in this case does not satisfy the *Bruce* test. In evaluating a Rule 12 motion to dismiss the Indictment, however, the Court must accept the factual allegations in the Indictment as true. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).

The Ninth Circuit has determined that Indian status under § 1152 constitutes a mixed question of law and fact. *Bruce*, 394 F.3d at 1218. Mixed questions of law and fact are those in which "the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard." *Id.* This case proves similar to *United States v. Reza-Ramos*, 816 F.3d 1110 (9th Cir. 2016).

The defendant in *Reza-Ramos* was not an Indian. Federal courts would lack jurisdiction to hear the case under *McBratney* exception unless the victim was an Indian. *Id.* at 1121. The Ninth Circuit determined in *Reza-Ramos* that the government had the burden of proving beyond a reasonable doubt that the victim was Indian. The government carried this burden *at trial. Id.* at 1222 (emphasis added). The government must "prove the jurisdictional element in a federal criminal statute beyond a reasonable doubt, like any other element of the offense." *Id.* at 1120 (quoting *United States v. Gomez*, 87 F.3d 1093, 1096-97 (9th Cir. 1996).) The evidence that the government produces regarding Indian status must

convince a reasonable juror to conclude that the victim was in fact Indian. *Id.*

Torres's argument proves unpersuasive. The government carries the burden of proving beyond a reasonable doubt at trial that the alleged victim in this case will be recognized as an Indian for the purposes of § 1152. The government does not have to allege facts in the Indictment, however, that the victim will be recognized as an Indian. The Court must accepts the facts in the Indictment as true in considering a Rule 12 motion to dismiss. The government has alleged that the victim is an Indian. The government's allegation proves sufficient at this time. Torres remains free to move for a Rule 29 motion for judgment of acquittal. And, of course, Torres may argue to the jury that the government has failed to prove beyond a reasonable doubt that the victim satisfies the test for Indian status as laid out in *Bruce*.

**Accordingly, IT IS ORDERED:**

Defendant's Motion to Dismiss Indictment (Doc. 28) is DENIED.

DATED this 28th day of February, 2018.

Brian Morris
United States District Court Judge